Robert Lee CURRIE *v*. STATE of Arkansas

CA CR 79-116                                    594 S.W. 2d 56

Opinion delivered January 30, 1980
Released for publication February 20, 1980

*P. A. Hollingsworth* and *Janet L. Pulliam*, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

DAVID NEWBERN, Judge. The question here is whether a motion for new trial was filed in time. The appellant was convicted of second degree battery by the court sitting without a jury at a trial held April 10, 1979. On that same date, and at the time the verdict was announced, the trial judge announced a sentence of five years confinement with two years suspended. A judgment including that sentence was signed April 11, 1979. Then the appellant moved to be allowed to present matters in mitigation, and the court held a mitigation hearing on May 8, 1979. A document referring to the mitigation hearing appears in the record, and it concludes as follows: "Sentence imposed as previously stated at the Court Trial on April 10, 1979."

Notice of appeal was filed May 8, 1979, and a motion for new trial was filed May 25, 1979. Thus, the motion was filed within 30 days after the mitigation hearing but not within 30 days of the first pronouncement. Ark. R. Crim. P. 36.22 provides, in part:

> A person convicted . . . may file a motion for new trial . . . but [it] . . . must be filed prior to the time fixed to file a notice of appeal.

> . . .

Although in this case the notice of appeal has been filed, that is irrelevant, as the rule gives the appellant the "time fixed to file a notice of appeal" to file his motion for new trial. The "time fixed" for filing notice of appeal is 30 days "from the date of the sentence and entry of judgment by the trial judge." Ark. R. Crim. P. 36.9.

On October 11, 1979, the trial judge entered an order

denying the motion for new trial, and reciting that it had not been timely filed in accordance with Rule 36.22.

The appellee concurs in the appellant's position that the order was incorrect, as the ultimate pronouncement of sentence occurred May 8, 1979, and the time for filing notice of appeal and thus for moving for new trial commenced that date rather than the earlier one. We agree with the parties.

The appellant is thus entitled to a hearing on the merits of his motion for a new trial, and the case is remanded to the trial court for that purpose.

The appellant has raised two other points for reversal with which we do not deal in view of the necessity of remanding for the hearing on the motion for new trial. If the trial court denies the motion for a new trial, after a hearing, we will resume jurisdiction of this case to rule on the appellant's other two grounds for reversal. In that case, the appellant will give written notice to the appellee of the trial court's ruling, and the appellee will have 21 days from receipt of such notice to file a brief responding to the appellant's points II and III.

Any such resumption of jurisdiction to consider those points will, of course, be without prejudice to any appeal the appellant may perfect as a result of the trial court's ruling on his motion for new trial.

Reversed and remanded.